# PICK & ZABICKI LLP
## ATTORNEYS AT LAW
369 Lexington Avenue, 12th Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
E-mail: dpick@picklaw.net

March 14, 2014

*Via email: gerber.chambers@nysb.uscourts.gov*
Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   GPS Global Parking Solutions LLC
      Chapter 11 - Case No. 13-10205 (REG)

Dear Judge Gerber:

My office is substitute bankruptcy counsel to 308 West 78th Corp. (**"308 West"**) in connection with the above-captioned chapter 11 case.

As Your Honor may recall, on February 19, 2014, an Order (the **"Plan Solicitation Procedures Order"**) was entered approving the Amended Disclosure Statement submitted in connection with the Amended Plan of Reorganization (the **"Plan"**) proposed by debtor GPS Global Parking Solutions LLC (the **"Debtor"**), and granting related relief. A copy of the Plan Solicitation Procedures Order is enclosed for Your Honor's ready reference. Consistent with Section 44 of Case Management Order #1 entered in this case, I write to respectfully request that the Court schedule a conference (either by phone or by personal appearance) with the Debtor and 308 West for the purposes of discussing the extension of certain dates and deadlines provided for under the Plan Solicitation Procedures Order.

Specifically, the Plan Solicitation Procedures Order requires that any ballots accepting or rejecting the Plan, along with any objections to confirmation of the Plan, must be submitted/filed on or before March 25, 2014 at 5:00 p.m. The Plan Solicitation Procedures Order further provides that: "if 308 [West] objects to confirmation of the Debtor's Amended Plan based upon the Debtor's proposed treatment of 308 [West's] claim, the following shall apply: (a) Along with its objection to confirmation, 308 [West] shall file with the Court and serve on the Debtor its expert report setting forth how its claim should be properly treated under the Amended plan..." Following the entry of the Plan Solicitation Procedures Order, 308 West promptly retained Landauer Valuation & Advisory (the **"Valuation Expert"**) for the purposes of evaluating the proper treatment of 308 West's claim under the circumstances.

    Over the course of the past several weeks, I have attempted to facilitate the Valuation Expert's inspection and review of the Debtor's property, books and records, historical and projected operations and the like by way of communications with the Debtor's counsel. Unfortunately, rather than cooperating with the Valuation Expert's review (*e.g.*, by voluntarily producing documents, providing access to the Debtor's premises, providing a contact person with the Debtor to whom the Valuation Expert may direct inquiries, etc...), the Debtor has seemingly taken the position that 308 West's newly retained substitute counsel and valuation expert should simply sift through the prior filings in the Debtor's case and other public records in furtherance of its analysis. In fact, as of the date hereof, and despite my requests, the Valuation Expert has not been provided with access to the Debtor's premises nor has the Debtor provided the contact information for any person having first-hand knowledge of the Debtor's operations and financial affairs. Copies of various email correspondence between counsel illustrating these issues are enclosed. While we fully understand that the Debtor is not obligated to "do our work" in this regard, 308 West had anticipated that the Debtor would be more cooperative with regard to 308 West's analysis when 308 West agreed to the dates provided for in the Plan Solicitation Procedures Order.

    As a result of the foregoing, 308 West anticipates that it will not be able to adequately determine its position with regard to the Plan, let alone have any expert report and/or objection to confirmation finalized, prior to the March 25, 2014 submission deadline provided for under the Plan Solicitation Procedures Order. As such, I had requested that the Debtor consent to a thirty (30) day extension of all dates and deadlines in the Plan Solicitation Procedures Order with regard to the submission of any ballot, objection to confirmation and/or expert report by 308 West (as well as corresponding extensions of the dates for rebuttal submissions by the Debtor and expert discovery). I had further advised counsel to the Debtor that, upon his return from vacation later this month, the principal of 308 West (*i.e.*, Hasan Biberaj) would be available to meet with a representative of the Debtor to discuss a mutually agreeable treatment of 308 West's claim. Unfortunately, and despite the lack of any emergency or other circumstances that might require adherence to the current schedule, the Debtor has advised that it will not agree to any such extension of the dates and deadlines provided for under the Plan Solicitations Procedures Order.

    I believe that the above-referenced issues can be quickly resolved by way of a conference with the Court which would spare all parties the time and expense associated with the filing and prosecution of a formal motion. Accordingly, I respectfully request that the Court schedule a conference with the parties at its earliest available date and time.

                                                       Respectfully submitted,

                                                       Douglas J. Pick

Encl.
cc:    Neal Rosenbloom, Esq.
       ECF Case Docket