Douglas J. Pick, Esq.  
Eric C. Zabicki, Esq.  
**PICK & ZABICKI LLP**  
Counsel to 308 West 78th Corp.  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000

Hearing Date:    April 29, 2014  
Time:    9:45 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x  

In re:    Chapter 11

GPS GLOBAL PARKING SOLUTIONS LLC,    Case No. 13-10205 (REG)

Debtor.  
-------------------------------------------------------------x

### APPLICATION OF 308 WEST 78th CORP. FOR AN ORDER MODIFYING THE AUTOMATIC STAY WITH REGARD TO THE DEBTOR'S REAL PROPERTY

TO THE HONORABLE ROBERT E. GERBER  
UNITED STATES BANKRUPTCY JUDGE:

308 West 78th Corp. ("308 West"), by and through its undersigned counsel, as and for its application (the "Application") for the entry of an Order, pursuant to §362(d)(1) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), modifying the automatic stay in effect in this case with regard to 308 West's rights, interests and remedies with regard to the real property owned by debtor GPS Global Parking Solutions LLC (the "Debtor"), respectfully represents and alleges as follows:

### BACKGROUND

1. By way of background, the Debtor is the owner of a commercial condominium property located at 151 West 17th Street, New York, New York (the "Property") from which it operates a parking garage.

2. On or about March 1, 2007, the Debtor executed a certain Consolidated, Amended and Restated Mortgage Note (the "2007 Note") in favor of 308 West's predecessor-in-interest, Country Bank, under which the Debtor agreed to pay Country Bank the original principal sum of $1,500,000.00, together with interest and other costs and expenses. On that same date, and as collateral for the repayment of any amounts advanced by Country Bank to the Debtor under the Note, the Debtor executed a certain Consolidated, Amended and Restated Mortgage and Security Agreement dated March 1, 2007 (the "2007 Mortgage") in favor of Country Bank, pursuant to which the Debtor granted Country Bank a first priority lien on, among other collateral, the Property. The repayment of the amounts advanced by Country Bank to the Debtor under the 2007 Note were further secured by: (a) an Assignment of Leases and Rents, creating a first priority security interest again all rents, issues, benefits and profits of the Property ("Cash Collateral"); and (b) a Guaranty of Payment executed by Ioannis Danalis and Erez Eliahu (the "Guaranty").

3. On or about November 5, 2009, the Debtor executed a certain Amended and Restated Mortgage Note (the "2009 Note") to be effective March 1, 2009, in favor of Country Bank, under which the Debtor agreed to pay Country Bank the original principal sum of $1,500,000.00, together with interest and other costs and expenses.

4. By Allonge dated June 29, 2012, the 2009 Note was assigned by Country Bank to 308 West. By Assignment of Mortgage also dated June 29, 2012, the 2007 Mortgage was assigned by Country Bank to 308 West and which was subsequently recorded with the Office of the New York City Register on July 24, 2012 as CFRN 2012000291975. On or about June 29, 2012, the UCC Financing Statement filed by Country Bank in connection with its security interest in and to, among other collateral, the Cash Collateral was assigned to 308 West. The Guaranty was also

assigned to 308 West by way of a certain Omnibus Assignment of Loan Documents executed on or about June 29, 2012.

5.  The Debtor subsequently defaulted on the 2009 Note and the 2007 Mortgage by failing to pay the full principal amount due thereunder on the March 1, 2011 maturity date. As a result, and on June 6, 2011, Country Bank commenced an action titled *Country Bank v. GPS Global Parking Solutions, LLC, et al.* in the Supreme Court of the State of New York, County of New York, Index No. 651550/2011, seeking to recover the amounts due under the 2009 Note.

6.  On or about June 13, 2012, Country Bank, the Debtor, Ioannis Lapsatis and Erez Eliahu, among others, entered into a certain Settlement Agreement, which was to be effective as of April 1, 2012 and which was later assigned to 308 West under the Omnibus Assignment of Loan Documents referenced above (the "Settlement Agreement"), resolving the above-referenced litigation and pursuant to which, among other things:

- The Debtor acknowledged and agreed that, as of February 29, 2012, the outstanding principal balance due under the 2009 Note, as secured by the 2007 Mortgage, was $1,529,050.44;

- The Debtor acknowledged and agreed that, in addition to the principal balance due under the 2009 Note, the Debtor owed Country Bank the amount of (a) $119,265.93, representing contract interest to bring the debt service payments due under the 2009 Note current through February 29, 2012; and (b) $80,000.00, representing a portion of the default interest due under the 2009 Note;

- The term of the 2009 Note was extended to October 1, 2013;

3

- The Debtor acknowledged and agreed that, in addition to the monthly payments due under the 2009 Note, commencing on April 1, 2012, the Debtor was to repay Country Bank the sum of $93,487.95, representing protective advances made by Country Bank for real estate taxes, by means of eighteen (18) equal monthly payments of $5,193.78;

- Erez Eliahu was released from his Guaranty;

- Ioannis Lapsatis guaranteed the 2009 Note; and

- The Debtor ratified and reaffirmed, among other things, the 2009 Note and 2007 Mortgage as modified by the Settlement Agreement.

7. Thereafter, the Debtor promptly breached its obligations under the 2009 Note and the 2007 Mortgage, as modified by the Settlement Agreement, by, among other things, failing to make any payments whatsoever as agreed/required. As a result, and on July 30, 2012, 308 West commenced a commercial foreclosure action titled *308 West 78th Corp. v. GPS Global Parking Solutions, LLC, et al.* in the Supreme Court of the State of New York, County of New York (the "Supreme Court"), Index No. 850070/2012 (the "Foreclosure Action"), seeking to foreclose on the 2007 Mortgage.

8. On December 17, 2012, 308 West filed a motion for summary judgment and related relief in connection with the Foreclosure Action. Upon the Debtor's request, the Supreme Court extended the Debtor's time to respond to 308 West's motion until January 29, 2013. However, on January 24, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. On May 23, 2013, 308 West filed a proof of claim in the Debtor's chapter 11 case asserting an

indebtedness totaling not less than $2,234,553.74 as of the Petition Date secured by a first priority lien against the Property.

9. As this Court is aware, on February 19, 2014, an Order was entered approving the Amended Disclosure Statement submitted in connection with the Amended Plan of Reorganization (the "Plan") proposed by the Debtor.

10. By Order entered by this Court on May 13, 2013, a copy of which is attached as *Exhibit "A"*, the Debtor was directed to make adequate assurance payments of not less than $14,574.42 each month throughout this case. As of the date hereof, 308 West has not received the adequate assurance payment that was due March, 2014, notwithstanding 308 West having made demand for payment.[1] Accordingly, 308 West brings the instant Application.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (H) and (O). Venue of this Motion is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are §362(d)(1) of the Bankruptcy Code.

## RELIEF REQUESTED

12. 308 West respectfully requests the entry of an Order modifying the automatic stay with regard to its rights, interests and remedies with regard to the Property. In this regard, §362(d)(1) of the Bankruptcy Code provides, in pertinent part that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

---

[1] The Debtor is also not in compliance with its obligations under the Bankruptcy Code by having failed to file its January and February Operating Reports. The March Operating Report is due on April 15th.

5

(1) *for cause*, including the lack of adequate protection of a interest in property of such party in interest…

(emphasis added). The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

13.    308 West respectfully submits that, based on the above facts, that the entry of an Order modifying the automatic stay would be appropriate pursuant to §362(d)(1). As discussed above, the Debtor failed to make the adequate assurance payment due to 308 West for March, 2014. Accordingly, 308 West respectfully submits that cause exists for a modification of the automatic stay with regard to its rights in, and remedies in and to, the Property.

**WHEREFORE**, 308 West respectfully requests that the Court grant the motion in its entirety along with such other and further relief as may be just and proper.

Dated: New York, New York
April 4, 2014

PICK & ZABICKI LLP
Counsel to 308 West 78th Corp.

By: _____
Douglas J. Pick
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

6